| **Name of Assigned Judge** | LaShonda A. Hunt | **CASE NO.** | 20bk07853 |
|---|---|---|---|
| **DATE** | May 22, 2020 | **ADV. NOS.** | 20ap00139; 20ap00140 |
| **CASE TITLE** | Sanchez v. Costello (In re Lissett Sanchez); Sanchez v. Surinak (In re Lissett Sanchez) | | |
| **TITLE OF ORDER** | Order Dismissing Adversary Complaints with Prejudice | | |

**DOCKET ENTRY TEXT**

Debtor Lissett Sanchez's related adversary complaints (20ap00139 and 20ap00140) are dismissed with prejudice.

## STATEMENT

In the past six months, Lissett Sanchez has filed for relief twice under Chapter 13 of the Bankruptcy Code. She has done so without a lawyer, proceeding as a *pro se* debtor. In the first case (19bk29736), Sanchez filed four associated adversary complaints. The first complaint (20ap00011) was against Santo Terenzio, the attorney who handled the closing and mortgaging of Sanchez's home. The second complaint (20ap00012), was against Lawrence Surinak, the attorney who represented Sanchez in her divorce from her husband. The third complaint (20ap00013) was against Nationstar Mortgage, the creditor that provided a mortgage on the house she had previously owned with her husband. The fourth complaint (20ap00058) was against Kevin Costello, the accountant who helped her file her 2017 tax returns.

Each adversary complaint made allegations that were not actionable in bankruptcy court. Sanchez alleged that Terenzio had discriminated against her "Civil Rights and rights to ownership under the Illinois Real Estate Act of 2000 and Civil Rights Act of 1886," both of which, regardless of the merits, are not actionable in bankruptcy court. (Case No. 20ap00011, Compl.). She alleged that Surinak violated the Illinois Marriage and Dissolution of Marriage Act and "Breach of Contract section Paragraph #11," a section that does not appear to exist in the Act and likewise is not actionable in bankruptcy court. (Case

| **Name of Assigned Judge** | LaShonda A. Hunt | **CASE NO.** | 20bk07853 |
|---|---|---|---|

No. 20ap00013, Compl.). She alleged that Nationstar Mortgage did not have a valid claim to her homestead because she was not written on the mortgage, and she added—in handwriting—that Nationstar "caused irreparable damages to the debtor by violating Supreme Court Rule 113, 735 ILCS 5/15-1212, 735 ILC 5/15-1603, 735 ILCS 5/2-1005, Real Estate Act of 2000, [and the] Civil Rights Act of 1886." (Case No. 20ap00013, Compl.). These claims under the Illinois Code of Civil Procedure (and the previously mentioned Real Estate Act and Civil Rights Act) are not actionable in this court. Finally, Sanchez alleged a cause of action under the United States Bankruptcy Code—that Costello violated § 523(a)(4) and (a)(6) by violating his fiduciary duty to her when he willfully and maliciously failed to properly file her taxes—but this reflects a complete misunderstanding of the purpose of § 523. (Case No. 20ap00058, Compl.). In all of the adversary proceedings, she requested a trial by jury.

Ultimately, all these adversary proceedings were mooted after Sanchez's underlying case was dismissed for failure to make plan payments and failure to provide the Chapter 13 Trustee enough information to hold a section 341 meeting of creditors. (Case No. 19bk29736, Dkt. 82). Although the court did not issue any findings of fact, the court warned Sanchez about her adversary complaints. Specifically, Sanchez was told that her grievances were better brought in state court, and that she may not use the bankruptcy court to compel responses to her otherwise irrelevant adversary allegations.

Sanchez has now returned to the bankruptcy court with a new petition for Chapter 13 relief (20bk07853) and two more adversary proceedings that largely copy her previous filings. Her first (or fifth) adversary complaint (20ap00139) is once again against her accountant Kevin Costello, and, as before, alleges that he violated §§ 523(a)(4) and (a)(6) by failing to properly file her tax returns. Her second (sixth) adversary complaint (20ap000140) is once again against her divorce attorney Lawrence Surinak, and it once again alleges violations of the Illinois Marriage and Dissolution of Marriage Act, but this time she cites § 523 as well. With the exception of a few edits, these adversary complaints are largely word-for-word copies of her previous complaints against these defendants.

2

| **Name of Assigned Judge** | LaShonda A. Hunt | **CASE NO.** | 20bk07853 |
|---|---|---|---|

## FACTS

Technically, Sanchez did actually allege violations of the Bankruptcy Code in both her complaints this time around, but this is a negligible improvement from her previous efforts. In her first complaint, she alleges that Costello violated §§ 523(a)(4) and (a)(6) by violating his fiduciary duty in preparing her taxes and willfully refusing to respond when "his accounting came into question during an application process with the Illinois Department of Transportation." (Case No. 20ap00139, Compl.). She also, without explicitly alleging a violation of § 523(a)(2), alleges that Costello used "false pretenses, false representation [and] actual fraud" in making these financial errors. (*Id.*). Additionally, she notes that an active investigation is pending with the Illinois Department of Financial and Professional Regulation. (*Id.*).

In her second complaint she alleges that Surinak violated §§ 523(a)(2), (a)(4), and (a)(6)—a change from the last complaint—when pursuing an exclusive possession order for her marital property, and argues that he did not assist her with loss mitigation, he left key items off of her marital settlement agreement, and he did not set her maintenance and relief petition for a hearing. (Case No. 20ap00140, Compl.). However, she still points to the Illinois Marriage and Dissolution of Marriage Act and "Breach of Contract section Paragraph #11" at the beginning of her complaint. (*Id.*). Once again, Sanchez requests a trial by jury on these matters.

With respect to Surinak, the motions did not stop at her complaint. Surinak and his counsel filed a Motion to Dismiss, noting that the allegations had previously been dismissed with prejudice by a state trial court, and subsequently dismissed by the state appellate court, therefore barring these claims by *res judicata*. (Case No. 20ap00140, Dkt. 6). Surinak also filed a Motion for Sanctions under Rule 9011, seeking reasonable attorney's fees, costs, and an order prohibiting Sanchez from filing future claims against Surinak without leave of court. (*Id.* at Dkt. 7). In response, Sanchez filed a "Motion To Remove Lawrence R Surinak from the Illinois Bar Association Pursuant to the United States Bankruptcy Code." (*Id.* at Dkt. 8). Although her motion states that this is "pursuant to the United States

3

| **Name of Assigned Judge** | LaShonda A. Hunt | **CASE NO.** | 20bk07853 |
|---|---|---|---|

Bankruptcy Code" she does not cite to any provisions other than Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. P. 12(b)(6). (*Id.*). The motion continues by making a number of extravagant claims: that Surinak's actions are "against National Interests"; that actions such as his are "leaving American women destitute"; and that "Mr. Surinak's incompetent counsel is riding on treason to the supply chain of America." (*Id.*). In addition to this, Sanchez calls Surinak "a domestic adversary at a time that we are at war with foreign adversaries in border and trade agreements." (*Id.*). This motion is followed by a "Motion to be Awarded Full Repayment of Damages in Adversary Complaint Pursuant to the United States Bankruptcy Code." (*Id.* at Dkt. 9) This motion is, with the exception of its changed title, identical to Sanchez's motion to remove Surinak from the Illinois Bar Association.

## **DISCUSSION**

None of Sanchez's requested relief is actionable under Bankruptcy Code. The overwhelming problem is that Sanchez misunderstands the purpose and use of 11 U.S.C. § 523. That provision of the Code does not provide the relief that she hopes it does. Furthermore, Sanchez's requests are once again all grounded in state law—or state administrative regulations—and this court does not have the jurisdiction to grant these state-based claims for relief. While her underlying bankruptcy case may continue to progress through the system in hopes of success, her adversary complaints end here.

Actions under § 523 are used by creditors to prevent certain debts from being discharged in the underlying bankruptcy case. *See generally* 4 *Collier on Bankruptcy* ¶ 523.04 (discussing the process of bringing a complaint under § 523). In a case under Chapter 13, § 523 can only be used by a creditor if the debtor has successfully received a "hardship discharge" under § 1328(b) and (c)(2). Not only has Sanchez not received a hardship discharge—therefore no party can bring a § 523 action at this time—but also Sanchez is not a creditor asking for a debt to be nondischargeable. Instead Sanchez is the debtor asking to court to enforce remedies against two parties who aren't even her creditors.[1] What's more, her requested remedies are punitive in nature. She is asking for

---

[1] Costello and Surinak are not listed anywhere on Sanchez's bankruptcy schedules. Therefore, they are properly classified as third parties.

4

| **Name of Assigned Judge** | LaShonda A. Hunt | **CASE NO.** | 20bk07853 |
|---|---|---|---|

$602,000 in damages from Costello, with no indication of where this number comes from, and an undisclosed amount of money from Surinak (in addition to injunctive relief in the form of disbarment). This court will repeat what is stated in Sanchez's last case: these are issues that must be brought in state court, and Sanchez may not use the bankruptcy court to compel responses to her adversary allegations.

Sanchez's statutory inability to use § 523 for her lawsuits is fatal to her cases as none of her other allegations are grounded in the Bankruptcy Code. With respect to her complaint against Costello, she mentions "the Internal Revenue Code, [and] Illinois Civil Procedure" but does not mention which parts of those authorities might give her basis to seek damages from Costello for his work in preparing her taxes in 2017. Without any specifications, this court has no way of knowing how an action against this unrelated defendant is related to this case. And that is to say nothing of the jurisdictional issues with raising a state procedural issue in federal court without diversity of citizenship (*see* 28 U.S.C. §§ 1331, 1332) or asking the court to consider a federal cause of action under the Internal Revenue Code, therefore not "arising under" Title 11 of the U.S. Code (*see* 28 U.S.C. § 157).

With respect to her complaint against Surinak, she mentions that her cause of action is "pursuant to (750 ILCS 5/) Illinois Marriage and Dissolution of Marriage Act and Breach of Contract section Paragraph #11 . . . [and] Paragraph #13" which is once again a state law issue.[2] Furthermore, the reference to the "Breach of Contract section" does not seem to exist in the Act, and the language she quotes appears to be an adaptation of the written engagement agreement mandated by 750 ILCS 5/508.[3] While this appears, on its face, to be outside of this court's jurisdiction, Surinak consented to the "entry of final orders or

---

[2] Sanchez also cites to "FRBP 7001(6)" but this bankruptcy rule covers adversary proceedings to determine debt dischargeability and, as mentioned above, Sanchez's requested relief does not actually concern a debt or a creditor.
[3] Sanchez's complaint states:
> . . . Paragraph #11 where it States "that counsel will provide competent representation, which requires legal knowledge, skill, thoroughness and preparation. Once employed, Counsel will act with reasonable diligence and promptness as well as use his best efforts on behalf of the CLIENT'S'. Paragraph #13 it states 'Counsel cannot be required to engage in conduct which is illegal, unethical, or fraudulent."

(Case No. 20ap00014, Compl. at 1).

5

| **Name of Assigned Judge** | LaShonda A. Hunt | **CASE NO.** | 20bk07853 |
|---|---|---|---|

judgment by the bankruptcy court." But consent to jurisdiction does not automatically give a federal court jurisdiction if there is no other basis for it. *Ins. Corp. of Ireland v. Compagnie Des Bauxites de Guinee*, 456 U.S. 694, 702 (U.S.) (" . . . no action of the parties can confer subject-matter jurisdiction on upon a federal court. Thus, the consent of the parties is irrelevant . . . ."); *see Torrence v. Comcast Corp. (In re Torrence)*, 2015 Bankr. LEXIS 2132, at *5 (Bankr. N.D. Ill., June 26, 2015). Neither party can give a court federal jurisdiction over a state matter just by consent. With no indication of how this matter might otherwise fall within the jurisdiction of a federal court—either the district court or the bankruptcy court—there is no reason for this case to move forward.

Additionally, even if there was federal jurisdiction over these matters, there are issues from which this court would likely have to abstain. In her motions against Surinak, Sanchez mentions that "the order that is being litigated in this adversary complaint" is actually the state court order entered by Judge F. McAdams in the Circuit Court of Cook County. Under clear federal precedent, this court cannot make any determination or judgement on a state court's adjudication. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also In re Homer-Radke*, 305 B.R. 846, 850 (Bankr. N.D. Ill. 2004). While Sanchez does not ask for this court to overturn the state court's decision—the typical *Rooker-Feldman* request—it is clear that Sanchez is asking for this court to provide further adjudication on the state court's determination and grant new remedies. In her complaint against Costello, Sanchez also mentions a possible concurrent investigation by the "Illinois Department of Financial and Professional Regulation." While this would not fall under *Rooker-Feldman* doctrine, as there is no reviewable decision, this court has discretion to abstain from related proceedings under 28 U.S.C. § 1334(c)(1). If the Illinois Department of Financial and Professional Regulation is already investigating Costello, this court does not see a need to interfere with an issue of state regulation, which, prior to Sanchez alleging it, was unrelated and irrelevant to the underlying bankruptcy proceeding. Finally, Sanchez's motion to disbar Surinak does not cite any authority under which this court could remove him from the Illinois Bar Association. That is because there is no authority for this court to do that. That

6

| **Name of Assigned Judge** | LaShonda A. Hunt | **CASE NO.** | 20bk07853 |

authority rests with the state bar association and the Attorney Registration and Disciplinary Commission, two more state entities with whom this court will not interfere. This court will also abstain from that matter under 11 U.S.C. § 1334(c)(1).

It is clear that Sanchez is not fully aware of what relief she is asking for. Typically, a federal court will "liberally construe" a *pro se* complaint and hold it to "less stringent standards." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But that deference has a limit, and Sanchez has reached that limit. She has already brought these allegations before this court and has already been warned not to do so. In responding to Surinak's motions, she cites to Rule 12(b)(6) and Rule 7012(b) as rules under which this court should grant her complaint. It seems that Sanchez took these citations directly from Surinak's motion, which cited these rules. Rather than being rules under which this court could grant Sanchez's complaint, they are rules under which this court could dismiss her complaint if asked to. Indeed, this court has been asked to do just that, but this court will be dismissing the case *sua sponte*, as laid out below.

Sanchez is abusing the bankruptcy process. Even if Sanchez is seeking legitimate bankruptcy relief, she may not use this court as a means of recourse against a lawyer and accountant who she believes have wronged her. As stated by the Seventh Circuit, "[e]very paper filed, no matter how repetitious or frivolous, requires some portion of the institution's limited resources." *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) (*per curiam*) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989) (internal quotation marks omitted)). Litigants like Sanchez consume a disproportionate amount of the court's time, time which could be better spent on deserving parties. This court has the inherent power to protect itself from abuse. *Id.* In addition to that, this court may rely on § 105 of the Bankruptcy Code which allows the court to enter any order necessary to further the Code's purposes and prevent an "abuse of process." 11 U.S.C. § 105(a). This court relies on both of these powers now in dismissing both of Sanchez's adversary proceedings with prejudice.

This court does not make any further comment or finding on the validity of Sanchez's claims. This order is not meant to dissuade her from pursing her grievances in an

| Name of Assigned Judge | LaShonda A. Hunt | CASE NO. | 20bk07853 |
|---|---|---|---|

appropriate forum.  Rather, this order is meant to make clear, once and for all, that the United States Bankruptcy Court for the Northern District of Illinois is not the proper forum for these allegations.  The above-captioned adversary proceedings (Nos. 20ap00139 and 20ap00140) are dismissed for lack of jurisdiction. Separate Rule 9021 judgments reflecting the dismissals will be entered in both cases.

Dated: May 22, 2020

*LaShonda A. Hunt*

LaShonda A. Hunt
United States Bankruptcy Judge